**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger**

Civil Action No. 10-cv-02484-MSK-BNB

**HIGH STREET LOFTS CONDOMINIUM ASSOCIATION, INC.,**

    Plaintiff,

v.

**AMERICAN FAMILY MUTUAL INSURANCE COMPANY,**

    Defendant.

**OPINION AND ORDER DISMISSING PLAINTIFF'S CLAIMS**

    **THIS MATTER** comes before the Court on an issue of subject matter jurisdiction that was raised during the course of the trial in this case. The Court requested that the parties brief the issue, which they have done **(#s 99, 101)**. Having considered all pertinent filings and portions of the record, the Court finds and concludes as follows.

**I.  Background**

    The sole issue in this case is whether damage to buildings is covered by an insurance policy. The buildings at issue comprise condominium and commercial units. The insured under the policy is the Plaintiff, High Street Lofts Condominium Association, Inc. ("High Street"), a Colorado non-profit corporation.

    The action was originally brought by Mr. Steve Burke, the President of High Street and an owner in the buildings, in the Colorado District Court for Boulder County. The Defendant, American Family Mutual Insurance Company, removed the case to this Court, invoking the

Court's diversity jurisdiction under 28 U.S.C. § 1332. Shortly thereafter, the parties jointly moved to substitute High Street as the Plaintiff, which motion was granted.

After two years of discovery and motions practice, the case went to trial. The Defendant presented evidence that showed that although Mr. Burke is the President of High Street, High Street's board of directors never authorized the bringing of this suit. Based on this, the Defendant argued that judgment should be entered in its favor. The Court denied the Defendant's motion. The case was submitted to the jury, which returned a verdict in the Defendant's favor.

At the time of the Defendant's Rule 50 motion, and after receipt of the verdict, the Court advised the parties that it would receive additional briefing or evidentiary submissions to address the jurisdictional concerns associated with whether High Street is a party to this action. The Court now turns to that issue.

## II. Analysis

In its post-trial briefing, the Plaintiff simply argues that if this Court has no subject matter jurisdiction, the case should be remanded to the state court. The Defendant, happy with the outcome at trial, now argues that the Court has jurisdiction. It argues that the issue is, and always has been, whether the Plaintiff has the capacity to sue. The Defendant perceives the lack of capacity to be a waivable affirmative defense to suit. Satisfied with the jury's verdict, the Defendant now chooses to waive the defense.

### A. Jurisdiction

Unfortunately for both parties, subject matter jurisdiction is not waivable, nor is it an argumentative tool that can be invoked and later withdrawn for strategic advantage. Fundamental to the Court's subject matter jurisdiction is the existence of a case or controversy.

*See Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990) (federal courts may adjudicate only actual, ongoing cases or controversies).

The problem in this case is that although High Street could have brought this action, it did not. Furthermore, since the issue of whether it authorized this suit first arose, High Street has not ratified Mr. Burke's unauthorized actions on its behalf. Consequently, High Street is not a party to this action, and there is no case or controversy for this Court to resolve.

High Street is a non-profit corporation subject to the Colorado Revised Nonprofit Corporation Act found in Title 7 of the Colorado Revised Statutes. Among High Street's general powers is the power to "sue and be sued, complain and defend in its name." C.R.S. 7-123-102(1)(a). Except as otherwise stated in its articles of incorporation, its general powers "shall be exercised by or under the authority of . . . the board of directors . . . ." C.R.S. § 7-128-101(2).

High Street's articles of incorporation declare that "[t]he business and affairs of [High Street] shall be conducted, managed and controlled by a Board of Directors." High Street's bylaws require at least three directors, and specify that "[a] majority of the directors shall constitute a quorum for the transaction of business, . . . . The votes of a majority of the directors present at a meeting at which a quorum is present shall constitute a decision of the Board . . . ." High Street's bylaws specifically grant the board of directors the power and duty to act in all instances on behalf of the corporation, including the power to "institute, defend or intervene in litigation . . . in [High Street]'s name, on behalf of [High Street] or two or more [unit owners], on matters affecting the Community." Thus, it appears that for High Street to initiate or participate

in this litigation, its board of directors had to authorize the litigation, or delegate that decision to Mr. Burke,[1] or ratify his actions after the fact.

Nothing in the record shows that High Street's board of directors ever acted with regard to this litigation. Indeed, it does not appear that the board of directors ever met, or that the members of High Street (*i.e.*, other unit owners) were ever given notice of the litigation.

Because High Street never brought this suit or ratified Mr. Burke's actions on its behalf, the Court concludes that High Street is not a party to this action. There is no Plaintiff and no claim or controversy to be determined. In the absence of a justiciable controversy, the Court finds that it lacks subject-matter jurisdiction over this case. Pursuant to Fed. R. Civ. P. 12(h)(3), the action must be dismissed.

### B. Sanctions

In its brief, the Defendant requests that the Court impose sanctions against Mr. Burke and his attorney pursuant to Fed. R. Civ. P. 11(c)(3) and/or 28 U.S.C. § 1927. Such remedy may be appropriate, but the showing made by the Defendant is insufficient.

---

[1] Mr. Burke's position is that, as the President of High Street, he was authorized to pursue litigation on High Street's behalf. That is not evident from the corporate records. High Street's bylaws define the duties of its President as follows:

> The president shall be the chief executive officer and shall have all of the general powers and duties which are incident to the office of a president of a Colorado nonprofit corporation including, but not limited to the following: preside at all meetings of the Board of Directors and all membership meetings; see that orders and resolutions of the Board are carried out; sign all contracts, leases and other written instruments; direct, supervise, coordinate and have general control over the day-to-day affairs of [High Street].

For some corporations, the bringing and pursuit of lawsuits might fall within the corporation's daily affairs, but that does not appear to be the case for this corporation, which acts only as a homeowner's association. There is nothing in the record that shows that the board of directors delegated its power to determine whether suit should be brought to Mr. Burke, or that it directed him to do so.

4

The Defendant may file a separate motion for sanctions under Rule 11(c)(2) within 14 days of this Order. In accordance with Rule 11(c)(2), the motion must describe the specific conduct that allegedly violated Rule 11(b). The Court recognizes that requiring compliance with the "safe harbor" provision under Rule 11(c)(2) is futile at this late date. Thus, the Defendant is permitted to file its motion. Electronic service shall constitute service both upon Mr. Burke and his counsel.

### III.  Conclusion

For the foregoing reasons, the Plaintiff's claims are **DISMISSED** without prejudice. The Defendant is permitted 14 days in which to file a motion under Fed. R. Civ. P. 11. If no such motion is filed, the Clerk of the Court shall close the case.

Dated this 8th day of April, 2013.

**BY THE COURT:**

*[signature: Marcia S. Krieger]*

Marcia S. Krieger
Chief United States District Judge